**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:24-cv-03101-STV

NINTENDO OF AMERICA INC.,

    Plaintiff,

v.

JESSE KEIGHIN, individually,

    Defendant.

---

**DECLARATION OF CAYMAN C. MITCHELL IN SUPPORT OF PLAINTIFF NINTENDO OF AMERICA INC.'S MOTION FOR SUBSTITUTED SERVICE**

---

I, Cayman C. Mitchell, declare as follows:

1. I am over the age of 18 and competent to testify to matters in this Declaration. I make this Declaration on the basis of my personal knowledge.

2. I am an attorney at the law firm Jenner & Block LLP, and am one of the attorneys representing Plaintiff Nintendo of America Inc. ("Nintendo") in this action. I submit this Declaration in support of Nintendo's Motion for Substituted Service (the "Motion").

**Defendant's DMCA Counternotices And Correspondence with Nintendo**

3. I understand from my client that Nintendo has submitted dozens of takedown notices under the Digital Millenium Copyright Act, 17 U.S.C. § 512 ("DMCA") for content posted by Defendant Jesse Keighin that infringes upon Nintendo's exclusive rights in its video games under the Copyright Act. I also understand that on five of those occasions, in January 2023, November 2023, and October 2024, Defendant has submitted counternotices asserting that the content was not an infringement of Nintendo's rights.

4. Under 17 U.S.C. § 512, a counternotice or counter notification must be a signed writing containing a "statement under penalty of perjury that the subscriber has a good faith belief that the material was removed or disabled as a result of mistake or misidentification of the material to be removed or disabled" and must include "[t]he subscriber's name, address, and telephone number, and a statement that the subscriber consents to the jurisdiction of Federal District Court for the judicial district in which the address is located," among other requirements.

5. I understand from my client that in each of the five counternotices that Defendant submitted, including most recently on October 17, 2024, Defendant identified his address as on E.

1

Batavia Drive in Aurora, CO 80011.[1]  In each, he also identified his email address as "everygameguru@gmail.com". A true and accurate screenshot of Defendant's October 17, 2024 counternotice is below:



6. I further understand from my client that Defendant also sent multiple emails directly to Nintendo using the "everygameguru@gmail.com" email address as recently as October 24, 2024, as shown in the true and accurate screenshot of a header of one of those emails below:



**Nintendo's Investigation Into Defendant's Whereabouts**

7. Jenner & Block LLP conducted a public records search for Jesse Keighin. Public records indicate that Jesse Keighin's current address is the same E. Batavia Drive address included

---

[1] As Nintendo has done in its brief, to protect the privacy of nonparties, I am omitting the street and apartment numbers of the addresses discussed herein since this declaration will be publicly filed.  Should the Court so request, I can provide the full addresses under seal or publicly.

2

in Keighin's counternotices.  The same records indicate that within the last two years, Keighin was also associated with addresses on Kestrel Place in Castle Rock, CO and on S Marion Street in Englewood, CO.  The public records also indicate that Keighin's mother is Tracy Harsch and Keighin's grandmother is Mary Twist.

8. I understand from my client that Nintendo has conducted a thorough investigation into publicly available sources that could indicate where Keighin currently resides, primarily through review of Keighin's social media accounts and infringing streams of Nintendo's works.  I understand that Nintendo was able to identify Defendant's partner as Melina Foy, and that Defendant during streams has indicated that Defendant currently resides with Foy. I understand that Nintendo's investigation concluded that Defendant likely works from home or is unemployed and so Nintendo is not aware of an additional workplace address where Defendant could be served.

9. Jenner & Block LLP conducted a public records search for Melina Foy.  Public records indicate that Melina Foy previously resided at one of Defendant's prior residences at the same time over several years, and currently resides at an address on Mercantile Street in Castle Rock, CO.

10. Jenner & Block LLP also conducted a public records search for Keighin's mother, Tracy Harsch.  Public records indicate that Tracy Harsch currently resides at an address on S. Zeno Way in Aurora, CO.

11. Jenner & Block LLP directed one of its process servers to conduct an additional public records search on Jesse Keighin.  I understand that that search suggested that Jesse Weber could be a possible alias for Jesse Keighin, and that Jesse Weber's current address is on W. 107th Ave. in Westminster, CO.

3

**Nintendo's Service Attempts**

12. Nintendo engaged multiple process servers to attempt to serve Defendant. As described in affidavits from those servers attached hereto as Exhibits A–F, those servers made the following service attempts.

13. Nintendo attempted to personally serve Defendant at E. Batavia Drive, Aurora, CO 80011 twice, on November 8, 2024, two days after the filing of the Complaint, and on November 12, 2024. I understand the process server spoke once each with Defendant's grandmother, Mary Twist, and a woman who the server believes to be his sister, Brianna Keighin, who each claimed Keighin no longer lived there. Exs. A & B.

14. Nintendo attempted personal service at the Kestrel Place address on November 13, but Keighin was unknown to the resident. Ex. C.

15. Nintendo attempted personal service at the S Marion Street address on November 13, but Keighin was unknown to the resident. Ex. D.

16. Nintendo attempted personal service at the W. 107th Ave. address on November 19. Ex. E. The resident indicated that she lived there with her husband Jesse Weber, but Jesse Keighin was unknown. *Id.*

17. On November 20, 2024, Jenner & Block LLP transmitted to Defendant via email (to the address "everygameguru@gmail.com") a copy of the Summons and Complaint, and asked Defendant whether he would waive service, attaching a waiver of service form. A true and accurate copy of that email is attached hereto as Ex. G.

18. Defendant did not respond to the email containing the Summons and Complaint.

19.   Nintendo attempted personal service at the Mercantile St. address associated with Melina Foy on November 23. Ex. F.  I understand that Foy stated that Jesse Keighin did not reside there.  *Id.*  Since I understand from my client that Defendant has referred online to residing with his partner, it is possible Defendant is enlisting family members to help him evade service.

20.   In fact, it appears that Defendant is aware of and avoiding Nintendo's service attempts.  On November 28, 2024, Defendant commented on Facebook that "Things will die down soon, and we can go back to normal."  On December 8, 2024, Defendant posted on Facebook: "I got 10 addresses."  True and accurate screenshots of both posts are below:



5



**Evidence Defendant Has Actual Notice of This Action**

21.     On November 7, 2024, shortly after Nintendo's Complaint was filed, I understand that Defendant became aware of the lawsuit through a 9NEWS reporter outreach on his live stream. A true and accurate screenshot of that initial interaction is below:



6

22. I understand that Defendant responded verbally to the reporter and ultimately ended the stream because "…if Nintendo is suing me I gotta get ready for that…"

23. Shortly after the reporter's outreach, Defendant began removing many of his online posts and accounts. Among other things, he deleted the Facebook and Discord posts that are referenced in Nintendo's Complaint.

24. In light of the removal of evidence Nintendo believes is relevant to this litigation, Jenner & Block LLP emailed Defendant (to the address "everygameguru@gmail.com") on November 8, 2024 reminding him of his obligations not to spoliate relevant evidence, and including a courtesy copy of the Complaint. A true and accurate copy of that email is attached hereto as Ex. H. Defendant did not respond directly to that email.

25. Defendant did, however, post online eleven minutes after the email was sent, referring to my colleague: "Bitch, ask yourself, you REALLY think I give a fuck?" A true and accurate screenshot of that November 8, 2024 post is below:



26. On November 9, 2024, a friend of Defendant's posted to Facebook about the lawsuit, tagging Defendant, and stating that Defendant "said he should show up to court dressed as Mario" and that Defendant getting named in the suit was "legendary." A true and accurate screenshot of that post is below.



27. On November 12, 2024, Defendant twice publicly posted on the platform X, formerly known as Twitter, of his plans for evading the suit by filing for bankruptcy. True and accurate screenshots of those posts are below.



8



9

28.     On November 13, 2024, Defendant responded to a post on Facebook about the lawsuit, commenting that "Nintendo won't get 💩" and stating that he will "go down in video game history" because of the lawsuit. A true and accurate screenshot of that response, with an added annotation circling the relevant response in red, is below.



29.     On November 20, 2024, after Jenner & Block LLP emailed Defendant the Summons and Complaint, requesting he waive service and attaching the waiver form, he posted on Facebook, threating my colleague: "Think I'm your husband slut? Talk to me like you talk to him. I'll fuck you up." The next day he posted: "Should have done more research on me. You might run a corporation. I run the streets." True and accurate screenshots of both posts are below:





I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on this 13th day of December, 2024, in New York, New York.

                                                                                                                                           _____
                                                                                                                                           Cayman C. Mitchell

11