## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-03101-STV

NINTENDO OF AMERICA INC.,

    Plaintiff,

v.

JESSE KEIGHIN,

    Defendant.
_____

## ORDER
_____

Magistrate Judge Scott T. Varholak

    This matter is before the Court on Plaintiff's Motion for Order to Substitute Service on Defendant Jesse Keighin (the "Motion") [#11]. Through the Motion, Plaintiff requests that the Court permit substituted service for Defendant Jesse Keighin pursuant to Colorado Rule of Civil Procedure 4(f). [#11] For the following reasons, the Motion is **GRANTED**.

    Federal Rule of Civil Procedure 4 governs service of a summons and complaint. Pursuant to Rule 4(e)(1), an individual within a judicial district of the United States may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Colorado Rule of Civil Procedure 4(f) authorizes substitute service. When the party attempting service "is unable to accomplish service . . . the party may file a motion, supported by an affidavit of the person attempting service, for an order for substituted service." Such a motion shall state:

> (1) The efforts made to obtain personal service and the reason that personal service could not be obtained, (2) the identity of the person to whom the party wishes to deliver the process, and (3) the address, or last known address of the workplace and residence, if known, of the party upon whom service is to be effected.

Colo. R. Civ. P. 4(f).  If the court is satisfied that due diligence has been used to attempt personal service, that further attempts to obtain personal service would be to no avail, and that the person to whom delivery of the process is directed is appropriate under the circumstances and reasonably calculated to give actual notice to the party upon whom service is to be effective, it shall: "(1) authorize delivery to be made to the person deemed appropriate for service, and (2) order the process to be mailed to the address(es) of the party to be served by substituted service, as set forth in the motion, on or before the date of delivery."  Colo. R. Civ. P. 4(f).  For substitute service to be valid, it must comport with due process by being calculated "to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

The Court is satisfied that due diligence has been used to attempt personal service and that further attempts to obtain personal service would be to no avail.  The Motion states that Plaintiff has attempted service at five different physical addresses believed to be associated with Defendant Keighin and conducted public records searches of him to identify likely addresses for service.  [#11 at 13]  The Motion states that it appears Defendant Jesse Keighin is purposefully evading service, making it unlikely that Plaintiff will be able to personally serve him.  [*Id*. at 6, 10, 14]  The Court finds that Plaintiff's unsuccessful efforts at service are sufficient to establish the due diligence and futility required by Colo. R. Civ. P. 4(f). *See Matthews v. Candie*, No. 20-

2

cv-00139-PAB-NYW, 2020 WL 3487850, at *3 (D. Colo. June 26, 2020) (finding due diligence where plaintiff attempted to serve defendant three times at three different addresses and performed various searches for defendant and its owner to no avail); *Malone v. Highway Star Logistics, Inc.*, No. 08-cv-01534-RPM-KLM, 2009 WL 2139857, at *2 (D. Colo. July 13, 2009) (finding due diligence where personal service was attempted at five different addresses).

Similarly, the Court finds that substituted service on Defendant's partner, Melina Foy; grandmother, Mary Twist; and mother, Tracy Harsch, is appropriate under the circumstances and reasonably calculated to give actual notice to Defendant Keighin. Accordingly, the Court finds that substituted service on Melina Foy at Mercantile St., Castle Rock, CO 80109; Mary Twist, at E. Batavia Dr., Aurora, CO 80011; and Tracy Harsch, at S. Zeno Way, Aurora, CO 80017 constitutes a calculated manner of providing Defendant Keighin with notice of the lawsuit that comports with due process. Accordingly, **IT IS ORDERED** as follows:

1. Plaintiff's Motion [#11] is **GRANTED**;

2. Plaintiff is authorized to personally serve Defendant Keighin by substituted service on Melina Foy at Mercantile St., Castle Rock, CO 80109; Mary Twist, at E. Batavia Dr., Aurora, CO 80011; and Tracy Harsch, at S. Zeno Way, Aurora, CO 80017.

3. Service of process shall be effectuated upon Defendant Keighin in accord with Colo. R. Civ. P. 4(f) by sending a copy of the summons, Complaint, and all other relevant documents, via registered mail with delivery confirmation, to the following locations on or before the date of delivery of process to Ms. Foy; Ms. Twist; and Ms. Harsch to:

      (a)    Jesse Keighin at his last-known address on E. Batavia Drive, Aurora, CO 80011 as referenced in the Motion;

      (b)    Jesse Keighin at the address on Mercantile Street, Castle Rock, CO 80109 as referenced in the Motion; and

      (c)    Via email to everygameguru@gmail.com.

4. Plaintiff shall promptly file a status report informing the Court when such service is accomplished.

DATED: December 18, 2024

BY THE COURT:

s/Scott T. Varholak
United States Magistrate Judge