IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-03101-GPG-STV

NINTENDO OF AMERICA INC.,

    Plaintiff,

v.

JESSE KEIGHIN, individually,

    Defendant.

---

**[PROPOSED]
FINAL JUDGMENT AND PERMANENT INJUNCTION**

---

THIS MATTER came before the Court on Nintendo of America Inc.'s Motion for Default Judgment and Permanent Injunction, ECF No. 33. The Court makes the following findings.

FINDINGS OF FACT AND CONCLUSIONS OF LAW:

1. Nintendo of America Inc. markets and distributes electronic video game consoles, video games, and accessories developed by Nintendo Co., Ltd. (together, "Nintendo"), including the Nintendo Switch.

2. The Nintendo Switch and Nintendo Switch video games contain technological measures that effectively control access to copyrighted works and protect rights of copyright owners, including Nintendo (the "Technological Measures"). Nintendo owns valid copyrights in works protected by the Technological Measures, including its video games and the Nintendo Switch operating system.

1

3. Defendant has reproduced Nintendo's copyrighted games prior to their release and without Nintendo's authorization, which violates Nintendo's exclusive rights to reproduce its video games. 17 U.S.C. § 106(1).

4. Defendant has streamed gameplay of Nintendo's copyrighted games prior to their release and without Nintendo's authorization, which violates Nintendo's exclusive rights to reproduce and publicly perform its video games. 17 U.S.C. §§ 106(1), (4).

5. Defendant has linked to Nintendo's proprietary cryptographic keys for the Nintendo Switch, the prod.keys. Distributing links to unauthorized copies of Nintendo's cryptographic keys violates Title 17's prohibition on trafficking in technology that circumvents effective technological measures, because those unauthorized keys are primarily designed for the purpose of circumventing the Technological Measures. 17 U.S.C. §§ 1201(a)(2)(A), (a)(3)(A).

6. Defendant has streamed video games from and linked to Nintendo Switch video game emulators. Nintendo Switch video game emulators circumvent the Technological Measures by decrypting the encrypted Nintendo Switch video games so that they can be played on devices other than a Nintendo Switch. Nintendo Switch emulators use unauthorized copies of Nintendo's proprietary cryptographic keys to execute code that decrypts the Nintendo Switch video games (including component files) immediately before and during runtime. Nintendo Switch emulators are primarily designed to circumvent and play Nintendo Switch video games. In the ordinary course of their operation with those video games, Nintendo Switch emulators require Nintendo's proprietary cryptographic keys to gain access to and play Nintendo Switch games.

7. Linking to or otherwise distributing software that in its ordinary course functions only when cryptographic keys are integrated without authorization, such as Nintendo Switch emulators, violates Title 17's prohibition on trafficking in devices that circumvent effective

technological measures, because the software is primarily designed for the purpose of circumventing technological measures. 17 U.S.C. §§ 1201(a)(2)(A), (a)(3)(A).

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. Plaintiff is awarded judgment against Defendant in the amount of US$17,500.00.

2. Each party shall bear its own costs and attorneys' fees.

In addition, pursuant to Sections 502 and 1203 of the Copyright Act (17 U.S.C. §§ 502, 1203), 28 U.S.C. § 1651(a), the All Writs Act, 28 U.S.C. § 1651, and this Court's inherent equitable powers, IT IS HEREBY ORDERED that:

1. A permanent injunction is entered against Defendant enjoining him and his agents, servants, employees, independent contractors, successors, assigns, and all those acting in privity or under his control from:

    a. Directly or indirectly infringing, or causing, enabling, facilitating, encouraging, promoting, inducing, or participating in the infringement of, any of Nintendo's copyrights, trademarks, or other intellectual property, whether now in existence or hereafter created, including but not limited to the unauthorized reproduction, display, public performance, or distribution of any of Nintendo's copyrighted video games or operating systems, which includes the emulation of Nintendo's video games, the streaming of Nintendo's prerelease video games, and the distribution of links to repositories of unauthorized copies of Nintendo's video games;

    b. Offering to the public, providing, linking to, marketing, advertising, promoting, selling, testing, hosting, cloning, distributing, or otherwise trafficking in unauthorized copies of Nintendo's proprietary cryptographic keys;

c. Offering to the public, providing, linking to, marketing, advertising, promoting, selling, testing, hosting, cloning, distributing, or otherwise trafficking in Nintendo Switch emulators, or any source code or features of Nintendo Switch emulators;

d. Offering to the public, providing, linking to, marketing, advertising, promoting, selling, testing, hosting, cloning, distributing, or otherwise trafficking in other software or devices that circumvent Nintendo's technical protection measures, including without limitation by using unauthorized copies of Nintendo's proprietary cryptographic keys to decrypt Nintendo's video games (or component files);

e. Committing any other violation of Nintendo's intellectual property rights, worldwide, whether now existing or hereafter created; and

f. Effecting assignments or transfers, forming new entities or associations, or using any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a)-(e).

2. The Court further enjoins all third parties acting in active concert and participation with Defendant from:

a. Directly or indirectly infringing, or causing, enabling, facilitating, encouraging, promoting, inducing, or participating in the infringement of any of Nintendo's copyrights, whether now in existence or hereafter created, by unauthorized reproduction or public performance, including the streaming of Nintendo's prerelease video games.

b. Offering to the public, providing, linking to, marketing, advertising, promoting, selling, testing, hosting, cloning, distributing, or otherwise trafficking in unauthorized copies of Nintendo's proprietary cryptographic keys;

      c.      Offering to the public, providing, linking to, marketing, advertising, promoting, selling, testing, hosting, cloning, distributing, or otherwise trafficking in Nintendo Switch emulators, or any source code or features of Nintendo Switch emulators;

      d.      Offering to the public, providing, linking to, marketing, advertising, promoting, selling, testing, hosting, cloning, distributing, or otherwise trafficking in other software or devices that circumvent Nintendo's technical protection measures, including without limitation by using unauthorized copies of Nintendo's proprietary cryptographic keys to decrypt Nintendo's video games (or component files); and

3.      The Court further enjoins Defendant and his agents, servants, employees, independent contractors, successors, assigns, and all third parties acting in active concert and participation with Defendant from supporting or facilitating access to any or all domain names, URLs, websites, including any successor websites, chatrooms, and other social media websites or apps through which Defendant committed copyright infringement, trafficked or continues to traffic in circumvention devices or software that circumvents Nintendo's technological measures, and/or through which Defendant otherwise infringed or continues to infringe Nintendo's rights under the Copyright Act, or which themselves infringe Nintendo's rights under the DMCA or Copyright Act or any other federal or state law, as respects Nintendo.

4.      The Court further orders, pursuant to 17 U.S.C. §§ 503 & 1203, upon Nintendo's election and to the extent controlled by Defendant, the destruction by deletion of all circumvention devices, including but not limited to all copies of Nintendo's proprietary cryptographic keys including prod.keys, all copies of Nintendo Switch emulators, all copies of circumvention tools or software used with Nintendo Switch emulators or otherwise infringing Nintendo's rights, and all

5

other electronic material within Defendant's custody, possession, or control that violate Nintendo's rights under the DMCA or infringe copyrights owned or exclusively licensed by Nintendo.

5. The Court further orders, pursuant to 17 U.S.C. §§ 503 & 1203, upon Nintendo's election and to the extent controlled by Defendant, the handing over to Nintendo of all physical circumvention devices that circumvent or attempt to circumvent the Technological Measures, and of modified Nintendo hardware, including modified Nintendo Switch consoles.

6. With the exception of paragraphs 4 and 5 herein, the Court further enjoins Defendant from further destroying, transferring, altering, moving, returning, concealing, or in any manner hiding evidence relevant to the matters set forth herein—including any and all video game consoles, video games (or constituent elements thereof, such as video game files), ROMs, and video game emulators (and any digital files comprising the same) that infringe Nintendo's intellectual property rights, and/or which were used in connection with using Nintendo Switch emulators—unless authorized by Nintendo in writing. Defendant is also enjoined from allowing any more evidence to be destroyed, altered, or concealed by third parties if the evidence is under Defendant's possession, custody, or control.

7. This permanent injunction constitutes a binding court order, and any violations of this order by Defendant will subject him to the full scope of this Court's contempt authority, including punitive, coercive, and monetary sanctions.

8. This permanent injunction is binding against Defendant worldwide, without regard to the territorial scope of the specific intellectual property rights asserted in the Complaint of the above-captioned case, and may be enforced in any court of competent jurisdiction wherever Defendant or his assets may be found.

9. This Court shall maintain continuing jurisdiction over this action for the purpose of enforcing this Final Judgment and Permanent Injunction. Plaintiff is not required to post any bond or security in connection with the Final Judgment and Permanent Injunction, and Defendant has permanently, irrevocably, and fully waived any right to request a bond or security.

IT IS FURTHER ORDERED that judgment be entered in this matter in accordance with the terms set forth above, and that the clerk be, and hereby is, directed to close this matter.

IT IS SO ORDERED.

Dated: _____, 2025     By: _____
The Honorable Gordon P. Gallagher
United States District Judge